Eric LOGAN, Petitioner–Appellant,

v.

John R. HEMINGWAY, Warden Respondent–Appellee.

No. 02–1037.

United States Court of Appeals, Sixth Circuit.

May 15, 2003.

Before MOORE and ROGERS, Circuit Judges; and KATZ, District Judge.*

ROGERS, Circuit Judge.

Petitioner Eric Logan appeals the district court's partial denial of his 28 U.S.C. § 2241 petition, in which he seeks sentencing credit for time he spent in the hospital. Finding no merit to his claims, we will affirm.

On March 18, 1991, Logan and an accomplice robbed a bank in San Diego. The police accosted them and a high-speed car chase ensued, ending when the robbers' car flipped over. Logan, seriously injured, was taken to a hospital where–according to him--he was kept under guard in the "prisoner ward," with his leg chained to the bed. He was released to the court 74 days later, at which time he was arraigned on bank robbery charges.

Logan served the first part of his prison sentence in California, and while there he filed a § 2241 petition, seeking to receive sentencing credit for the time he had spent

in the hospital. This claim was unsuccessful. *See Logan v. Benov*, 202 F.3d 278, 1999 WL 1054666, 1999 U.S.App. LEXIS 30562 (9th Cir. Nov. 15, 1999).

Logan was later moved to Michigan, and from there he filed his present § 2241 petition, again seeking credit for the time he had spent in the hospital. He argued that he was entitled to such credit because he had been in "custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court found that Logan had adequately shown that he was in "custody" for only one of the days, and it granted him credit for that day.

When the identical question was before the Ninth Circuit, that court relied upon *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), to rule against petitioner. 1999 U.S.App. LEXIS 30562, at *2. Under *Koray*, a federal prisoner is entitled to sentencing credit only for time spent under control of the Bureau of Prisons or the Attorney General pursuant to a court detention order. *See* 515 U.S. at 56. Applying *Koray*, the Ninth Circuit held that Logan's claim failed because he was not under the control of the Bureau of Prisons or the Attorney General during his hospitalization. *See* 1999 U.S.App. LEXIS 30562, at *2.

It is not clear that Logan's petition is properly before us. *See* 28 U.S.C. § 2244(a). The district court below, however, noted that the government did not object to the petition on the ground that it was precluded by statutory limits on successive habeas petitions. In any event, because we agree on the merits with the Ninth Circuit's application of *Koray* to re-

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

solve petitioner's claim, we AFFIRM the judgment of the district court in this case.

Though the district court apparently erred by granting one day of credit, since the Warden does not cross-appeal the court's grant of credit, we leave that part of the court's holding undisturbed.